UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

**BYOPLANET INTERNATIONAL, LLC**,
Plaintiff,

v.

**JARED KNECHT**,
Defendant.
_____/

**COMPLAINT FOR VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), FRAUD, CIVIL CONSPIRACY, TORTIOUS INTERFERENCE, AND OTHER RELIEF**

Plaintiff ByoPlanet International, LLC ("ByoPlanet" or "Plaintiff"), by and through undersigned counsel, sues Defendant Jared Knecht ("Knecht" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This case arises from a calculated, fraudulent scheme orchestrated by Defendant Jared Knecht, a morally bankrupt profiteer who weaponized his position as CEO of Promark Electronics to bleed Plaintiff dry through a labyrinth of deceptive contracts, lies, and financial sabotage. Knecht, acting with knowing and malicious intent, conspired with ByoPlanet's then-officers to execute a RICO enterprise with devastating consequences.

2. Knecht's conduct was not just opportunistic—it was criminal. He misled Plaintiff, manipulated internal governance structures, and crafted unconscionable contracts to inflate Promark's value prior to its sale to Cerberus-owned ECI. The resulting damage to ByoPlanet exceeds $10 million in financial ruin and reputational harm.

3. Plaintiff seeks compensatory damages, treble damages under RICO, punitive damages for Knecht's intentional misconduct, disgorgement of all illicit gains, and all other relief this Court deems just and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under:
    - 28 U.S.C. § 1331 (Federal Question Jurisdiction - RICO)
    - 28 U.S.C. § 1332 (Diversity Jurisdiction - Knecht is a Canadian national)
    - 28 U.S.C. § 1367 (Supplemental Jurisdiction over state law claims)

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events occurred in this District.

## PARTIES

6. Plaintiff ByoPlanet International, LLC is a Florida limited liability company headquartered in Broward County, Florida.

7. Defendant Jared Knecht is a Canadian citizen and resident, and was the CEO of Promark Electronics Inc., who regularly conducted business in Florida.

## FACTUAL BACKGROUND

8. In early 2020, ByoPlanet faced growing demand due to COVID-related sales. Knecht and Promark exploited this moment of vulnerability to orchestrate a supplier agreement on April 25, 2020, that required a $1.5 million upfront payment for components that were objectively inferior and grossly overpriced.

9. Between 2020 and 2021, Knecht embedded himself in ByoPlanet's executive operations through clandestine coordination with Peter Johansson and Charles Gilstrap, conspiring to defraud the company.

10. On May 24, 2021, Knecht personally drafted and executed the Strategic Manufacturing and Supply Agreement ("SMSA"), an onerous and exploitative contract that Plaintiff had no capacity to fulfill. Knecht knew this and weaponized it. *See* **Exhibit A**.

11. The SMSA was concealed from ByoPlanet's equity members, never approved by the board, and directly contravened internal controls.

12. Knecht timed the SMSA to artificially inflate Promark's accounts receivable just before Promark's sale to ECI—a calculated move to defraud both ByoPlanet and ECI's investors.

13. Despite being aware of ByoPlanet's insolvency, Knecht pushed for additional supply orders and credit extensions, forcing ByoPlanet to store unusable parts in third-party warehouses, incurring millions in unnecessary costs.

14. These actions caused irreparable harm to Plaintiff's operations, financial standing, and industry reputation.

## COUNT I – VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. §§ 1961–1968)

15. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

16. Defendant Knecht engaged in a pattern of racketeering activity involving:

- Wire Fraud (18 U.S.C. § 1343)
- Mail Fraud (18 U.S.C. § 1341)
- Financial fraud and concealment of material facts

17. Knecht and his co-conspirators conducted the affairs of the RICO enterprise through a pattern of racketeering that spanned over a year and crossed international borders.

18. Plaintiff was injured in its business and property by reason of Defendant's RICO violations.

**Supporting Case Law:**

- Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008)
- Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)
- H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)

## COUNT II – FRAUD

19. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

20. Knecht made intentional false representations regarding:

- Promark's credit terms
- ByoPlanet's capacity to pay
- The purpose and scope of the SMSA
- Concealment of Promark's imminent sale

21. Knecht made these misrepresentations to induce ByoPlanet into agreements it would never have accepted had the truth been disclosed.

**Supporting Case Law:**

- Raimi v. Furlong, 702 So. 2d 1273 (Fla. 3d DCA 1997)
- Butler v. Yusem, 44 So. 3d 102 (Fla. 2010)
- Lance v. Wade, 457 So. 2d 1008 (Fla. 1984)

## COUNT III – CIVIL CONSPIRACY TO COMMIT FRAUD

22. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

23. Knecht entered into an agreement with Johansson and Gilstrap to:

- Defraud ByoPlanet through unconscionable contracts
- Obscure ByoPlanet's financial condition
- Enrich themselves via Promark's inflated valuation and sale

24. Each conspirator committed overt acts in furtherance of the fraud, and the conspiracy resulted in substantial harm.

**Supporting Case Law:**

- American Honda Motor Co. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170 (M.D. Fla. 2005)
- Charles v. Fla. Foreclosure Placement Ctr., 988 So. 2d 1157 (Fla. 3d DCA 2008)

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

25. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

26. Plaintiff had ongoing business relationships with vendors, employees, and investors.

27. Knecht, with full knowledge of these relationships, maliciously interfered by forcing ByoPlanet into insolvency through fraudulent supply agreements.

28. As a direct result, ByoPlanet suffered financial harm and loss of industry standing.

**Supporting Case Law:**

- Tamiami Trail Tours v. Cotton, 463 So. 2d 1126 (Fla. 1985)
- Ethyl Corp. v. Balter, 386 So. 2d 1220 (Fla. 3d DCA 1980)

### COUNT V – UNJUST ENRICHMENT

29. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

30. Knecht knowingly received funds and financial benefits from Plaintiff through improper means, including through manipulation of Promark's receivables and fraudulent invoicing.

31. It would be inequitable for Knecht to retain these benefits without compensating Plaintiff.

**Supporting Case Law:**

- Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc., 695 So. 2d 383 (Fla. 4th DCA 1997)
- Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802 (11th Cir. 1999)

### COUNT VI – NEGLIGENT MISREPRESENTATION

32. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

33. Knecht made statements of material fact knowing Plaintiff would rely upon them.

34. Plaintiff reasonably relied on Knecht's statements to its detriment.

**Supporting Case Law:**

- Baggett v. Electricians Local 915 Credit Union, 620 So. 2d 784 (Fla. 2d DCA 1993)
- Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So. 2d 334 (Fla. 1997)

## COUNT VII – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

35. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

36. Knecht and Promark breached the implied covenant by unreasonably exploiting contract terms and withholding material financial information.

**Supporting Case Law:**

- Cox v. CSX Intermodal, Inc., 732 So. 2d 1092 (Fla. 1st DCA 1999)
- Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787 (Fla. 2d DCA 2005)

## COUNT VIII – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

37. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

38. Knecht aided Johansson and Gilstrap in breaching fiduciary duties owed to ByoPlanet.

39. Knecht knowingly participated and provided substantial assistance to these breaches.

**Supporting Case Law:**

- In re Sahlen & Assoc., Inc. Sec. Litig., 773 F. Supp. 342 (S.D. Fla. 1991)
- AmeriFirst Bank v. Bomar, 757 F. Supp. 1365 (S.D. Fla. 1991)

## COUNT IX – DECEPTIVE AND UNFAIR TRADE PRACTICES (FDUTPA)

40. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

41. Knecht's actions constitute deceptive trade practices in violation of Fla. Stat. § 501.204.

42. Plaintiff suffered actual damages as a result.

**Supporting Case Law:**

- Caribbean Cruise Line, Inc. v. Better Business Bureau, 169 So. 3d 164 (Fla. 4th DCA 2015)
- PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So. 2d 773 (Fla. 2003)

## COUNT X – DECLARATORY RELIEF

43. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

44. An actual controversy exists regarding the enforceability and legality of the SMSA.

45. Plaintiff seeks a judicial declaration that the SMSA is void due to fraud, lack of authority, and unconscionability.

**Supporting Case Law:**

- Travelers Indem. Co. v. PCR Inc., 889 So. 2d 779 (Fla. 2004)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against Defendant Knecht as follows:

A. Compensatory damages in excess of $10,000,000
B. Treble damages under 18 U.S.C. § 1964(c)
C. Disgorgement of all ill-gotten gains
D. Punitive damages
E. Attorney's fees and costs
F. Injunctive relief
G. Declaratory judgment voiding SMSA
H. All other relief the Court deems just and proper

**DATED**: April 4, 2025

Respectfully submitted,
**JUSTICE LAW GROUP, LLP**

By: /s/ James M. Paul
James M. Paul, Esq.
Florida Bar No. 1010819
850 SE 8th Avenue, Fort Lauderdale, FL 33316
Tel: (917) 562-9607
Email: jpaul@justicelawgroup.ai