# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:25-cv-60646-DSL

**BYOPLANET INTERNATIONAL, LLC,**
Plaintiff,

v.

**JARED KNECHT,**
Defendant.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JARED KNECHT'S MOTION TO DISMISS

Plaintiff ByoPlanet International, LLC ("ByoPlanet") submits this response to Defendant Jared Knecht's ("Knecht") Motion to Dismiss and Strike. Knecht's motion is a desperate attempt to avoid accountability for his direct, personal involvement in a fraudulent scheme that devastated a Florida-based company. It is procedurally flawed, factually disingenuous, and legally deficient. For the reasons below, this Court should deny the Motion in its entirety.

## I. KNECHT'S FRAUDULENT CONDUCT IS SQUARELY WITHIN THE REACH OF FLORIDA'S LONG-ARM STATUTE

### A. Tortious Acts Directed at Florida Are Sufficient for Personal Jurisdiction

Knecht deliberately targeted ByoPlanet, a Florida LLC headquartered in Broward County. His fraudulent misrepresentations, financial sabotage, and racketeering activities were intentionally directed at Florida, causing catastrophic harm within the state. These tortious acts bring Knecht squarely within the ambit of Fla. Stat. § 48.193(1)(a)(2) and (6). As the Florida Supreme Court has made clear:

1

"Committing a tortious act within Florida under section 48.193(1)(a)(2) can occur through the commission of a tort outside Florida that causes injury within Florida."

— *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002).

Knecht's fraudulent conduct—including wire communications, invoicing schemes, and collusion with ByoPlanet's Florida-based officers—triggered financial injuries, contractual liabilities, and reputational damage felt acutely in Florida.

### **B. Due Process Is Satisfied: Purposeful Availment Through Fraudulent Business Dealings**

Knecht knowingly entered into business transactions with a Florida company, directed fraudulent activities at Florida residents, and caused foreseeable harm within this jurisdiction. This satisfies constitutional due process under the "effects test."

"When an intentional tort is directed at a forum resident, the defendant must 'reasonably anticipate being haled into court there.'"

— *Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013).

Knecht's conduct is precisely what personal jurisdiction doctrines are designed to address.

### **II. RES JUDICATA IS A RED HERRING — IT DOES NOT APPLY HERE**

Knecht's res judicata argument is a textbook misapplication of the doctrine.

### **A. Knecht Was Not a Party to the Prior Canadian Judgment**

Res judicata requires identity of parties. Knecht, in his personal capacity, was not a party to the Canadian action.

"A nonparty cannot be bound by a judgment unless they were in privity with a party to the prior suit."

— *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008).

No privity exists between Knecht personally and Promark Electronics Inc. Knecht's individual misconduct forms the basis of these claims—not Promark's corporate liabilities.

### B. The Causes of Action Are Entirely Different

The Canadian case involved breach of contract claims regarding payment for goods. This case involves RICO violations, fraud, conspiracy, tortious interference, and other torts arising from Knecht's personal acts.

"Res judicata does not bar claims arising out of a separate transaction or occurrence, even if it involves the same parties."

— *Piper Aircraft Corp. v. Reyno*, 454 U.S. 235, 246 n.13 (1981).

### C. Fraudulent Conduct Is an Exception to Res Judicata

Federal and Florida courts recognize a fraud exception to res judicata where a party's misconduct prevented a full and fair adjudication.

"Where a fraud has been perpetrated upon the court or opposing party, res judicata will not apply."

— *Gracia v. Palm Beach Cnty.*, 112 So. 3d 771, 774 (Fla. 4th DCA 2013).

Knecht concealed material facts—including Promark's impending sale, artificial inflation of receivables, and collusion with ByoPlanet insiders. These acts were never litigated.

## III. THE COMPLAINT MEETS (AND EXCEEDS) FEDERAL PLEADING STANDARDS

Contrary to Knecht's baseless assertions, Plaintiff's Complaint is not a "shotgun pleading." It meticulously alleges detailed facts supporting each cause of action.

### A. RICO (Count I)

- Enterprise: Knecht, with Johansson and Gilstrap, formed a de facto racketeering enterprise.

- Predicate Acts: Wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and financial fraud are pled with specificity.

- Pattern: Multiple acts over several years, across international borders.

**Case Law:**

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985);

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008);

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989).

### B. Fraud (Count II) & Negligent Misrepresentation (Count VI)

- Misstatements regarding credit terms, ByoPlanet's solvency, and concealment of Promark's sale.

- Detailed dates, contracts, and emails are referenced.

- Detrimental reliance and damages are clearly alleged.

**Case Law:**

*Butler v. Yusem*, 44 So. 3d 102 (Fla. 2010);

*Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334 (Fla. 1997).

### C. Civil Conspiracy & Aiding and Abetting

- Agreements between Knecht, Johansson, and Gilstrap to defraud ByoPlanet.

- Overt acts and substantial assistance detailed.

**Case Law:**

*American Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170 (M.D. Fla. 2005);

*In re Sahlen & Assoc., Inc. Sec. Litig.*, 773 F. Supp. 342 (S.D. Fla. 1991).

### IV. KNECHT'S ARGUMENT AGAINST ATTORNEYS' FEES IS MERITLESS

Knecht conveniently ignores the clear statutory basis for Plaintiff's attorneys' fees claim:

- 18 U.S.C. § 1964(c) (RICO) expressly authorizes fee-shifting to prevailing plaintiffs.

- Florida's FDUTPA (Fla. Stat. § 501.2105) provides independent statutory grounds for attorneys' fees.

### V. CONCLUSION

Knecht's motion should be seen for what it is: a smokescreen designed to avoid the merits of serious allegations. His conduct caused direct harm in Florida, making jurisdiction appropriate.

4

His res judicata defense fails at every level. The Complaint pleads specific facts with precision, warranting discovery and trial.

**Plaintiff respectfully requests that the Court:**

1. DENY Defendant's Motion to Dismiss;

2. Find personal jurisdiction over Knecht is proper;

3. Reject the res judicata argument as frivolous;

4. Allow all claims to proceed to discovery and adjudication on the merits

**DATED**: May 15, 2025

Respectfully submitted,
**JUSTICE LAW GROUP, LLP**

By: /s/ James M. Paul_____
James M. Paul, Esq.
Florida Bar No. 1010819
850 SE 8th Avenue, Fort Lauderdale, FL 33316
Tel: (917) 562-9607
Email: jpaul@justicelawgroup.ai

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2025, a true and correct copy of the foregoing Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record identified on the Service List below.

**JUSTICE LAW GROUP, LLP**

James M. Paul, Esq.
Florida Bar No. 1010819
850 SE 8th Avenue, Fort Lauderdale, FL 33316
Tel: (917) 562-9607
Email: jpaul@justicelawgroup.ai

**BAST AMRON LLP**

One Southeast Third Avenue,
Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Email: jbast@bastamron.com
Email: twright@bastamron.com

Jeffrey P. Bast, Esq.
Tanisha M. Wright, Esq.

6