**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**BYOPLANET INTERNATIONAL, LLC**,                    **Case No.: 0:25-cv-60646-DSL**

      Plaintiff,

v.

**JARED KNECHT**,

      Defendant.

_____/

**REPLY IN SUPPORT OF MOTION TO (I) DISMISS PLAINTIFF BYOPLANET INTERNATIONAL LLC'S COMPLAINT; AND (II) STRIKE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**

Defendant Jarred Knecht ("Knecht" or "Defendant"), by and through undersigned counsel, hereby files his Reply in Support of his *Motion to (i) Dismiss the Complaint Filed by Plaintiff, ByoPlanet International, LLC and (ii) Strike Plaintiff's Request for Attorneys' Fees* (the "Motion to Dismiss") [ECF No. 9], and in support thereof states as follows:

**I.      INTRODUCTION**

Despite ByoPlanet International, LLC's ("ByoPlanet" or "Plaintiff") contentions in *Plaintiff's Response in Opposition to Defendant Jared [sic.] Knecht's Motion to Dismiss* (the "Response") [ECF No. 10], the Complaint [ECF No. 1] should be dismissed for several reasons. First, this Court cannot exercise personal jurisdiction over Knecht. Second, the sparse allegations are woefully lacking in requisite detail, including multiple causes of action which *must* be pled with particularity. Third, the claims asserted are barred by the doctrines of res judicata and collateral estoppel. For these reasons, the Court should dismiss the Complaint against Knecht with prejudice and strike the request for attorneys' fees.

1

## II.   <u>LEGAL ARGUMENT</u>

### a.  **Plaintiff's Misrepresentations to the Court**

Throughout its Response, Plaintiff makes numerous misrepresentations of authority to this Court.[1] For example, Plaintiff cites to *Gracia v. Palm Beach Cnty.*, 112 So. 3d 771, 774 (Fla. 4th DCA 2013) for the proposition: "Where a fraud has been perpetrated upon the court or opposing party, res judicata will not apply." *See Response* at 3. However, the citation "112 So. 3d 771" corresponds to a different case: *Hagood v. Wells Fargo N.A.*, 112 So. 3d 770 (Fla. 5th DCA 2013). The quoted language appears nowhere in the *Hagood* opinion, nor does the opinion even discuss res judicata. Ironically, *Hagood* concerns sanctioning attorneys who violated procedural rules and misrepresented facts to the court. *See Hagood*, 112 So. 3d at 771–72. We searched for "*Gracia v. Palm Beach Cnty.*" by name, but the case does not appear to exist. Indeed, not a single quotation offered by Plaintiff actually appears in the cases cited.  *See* Response at 2–3.  In another example, Plaintiff quotes *Piper Aircraft Corp. v. Reyno*, 454 U.S. 235, 246 n.13 (1981) for this proposition: "'Res judicata does not bar claims arising out of a separate transaction or occurrence, even if it involves the same parties.'" *Response* at 3. Yet, this quotation does not appear anywhere in *Piper Aircraft*.[2] Plaintiff's remaining quotations from cases proceed in similar fashion: although the other cases may generally support Plaintiff's propositions, searching within the opinion for the verbatim quotation yields no results. *Compare* Response at 2–3, *with Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002); *Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013); *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008).

---

[1] Such misrepresentations are not an isolated incident for this plaintiff.  *See Defendant's Motion to Dismiss, at p.1, ByoPlanet International, LLC and Richard O'Shea v. Charles Gilstrap,* Case No. 0:25-cv-60647-RS (S.D. Fla. April 24, 2025) ECF No. 14 ("The Complaint cites a fabricated case and misrepresents the content of every single case it references.")

[2] In fact, the term "res judicata" appears only once in the entire opinion and in a separate footnote than Plaintiff cites. *See Piper Aircraft*, 454 U.S. at 244 n.11 ("The court claimed that the risk of inconsistent verdicts was slight because Pennsylvania and Scotland both adhere to principles of res judicata.").

Plaintiff's misrepresentations to this Court provide yet another basis to dismiss the Complaint, in addition to those below, as a sanction if the Court finds Plaintiff's counsel acted in bad faith. *See, e.g.*, *O'Brien v. Flick*, No. 24-61529-CIV, 2025 WL 242924, at *5–6 (S.D. Fla. Jan. 10, 2025), *appeal filed*, No. 25-10143 (11th Cir. Jan. 15, 2025).

### b.  Lack of Personal Jurisdiction over Knecht

Plaintiff still fails to demonstrate a basis for this Court to exercise personal jurisdiction over Knecht, a Canadian citizen. With regard to the first step of analysis under Florida's long-arm statute, Plaintiff attempts to argue that personal jurisdiction is proper pursuant to Fla. Stat. § 48.193(1)(a)(2) and (6) because Knecht allegedly committed tortious acts directed at ByoPlanet, "a Florida LLC headquartered in Broward County." *See* Response at 1. However, Plaintiff's arguments suffer from the same defects as the allegations in the Complaint. Plaintiff fails to detail what "fraudulent misrepresentations, financial sabotage, and racketeering activities" were supposedly committed. *See id.* Instead, Plaintiff states in a conclusory fashion that "Knecht's fraudulent conduct—including wire communications, invoicing schemes, and collusion with ByoPlanet's Florida-based officers—triggered financial injuries, contractual liabilities, and reputational damage felt acutely in Florida." *See id.* at 2. As in the Complaint, Plaintiff does not identify what alleged wire communications took place, when they took place, by what means, or who was party to them; what the "invoicing schemes" entail; or who "ByoPlanet's Florida-based officers" are, how and when the alleged "collusion" manifested, or what communications or actions constitute such "collusion." Without even a hint of insight into this necessary factual background, Knecht is left in the dark as to what tortious activity he allegedly committed. Accordingly, Plaintiff fails to establish a proper basis to allow this Court to exercise personal jurisdiction over Knecht under the first prong of the analysis.

Plaintiff further fails to establish sufficient "minimum contacts" to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Cable/Home Commc'n Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In its Response, Plaintiff states without context, "Knecht knowingly entered into business transactions with a Florida company, directed fraudulent activities at Florida resident, and caused foreseeable harm within this jurisdiction." Knecht is, once again, forced to ponder what these vague "business transactions" and "fraudulent activities" could possibly be. Such threadbare allegations cannot satisfy the Due Process Clase.

Additionally, Plaintiff may not use the alleged actions of Promark Electronics Inc. ("Promark") to assert personal jurisdiction over Knecht. As explained in the Motion to Dismiss, Knecht's alleged role as CEO of Promark—a foreign entity that is not authorized to conduct business in Florida and does not conduct business in Florida—does not have any bearing over the personal jurisdiction analysis as to Knecht in his individual capacity.

In sum, the Complaint should be dismissed because the Court cannot exercise personal jurisdiction over Knecht, a Canadian citizen who lacks sufficient minimum contacts to Florida.

**c. All Ten Causes of Action Remain Devoid of Factual Support**

A cursory review of the Complaint and Response demonstrates that Plaintiff has failed to meet its pleading requirements. In a total of seven pages, the Complaint attempts to assert *ten* claims against Knecht, many of which require the heightened pleading standard of Federal Rule of Procedure 9. The allegations consist of a myriad of legal conclusions strung together with vague and nonspecific accusations of wrongdoing. These allegations do not satisfy the basic pleading standards of Rule 8 much less the heightened pleading standards of Rule 9. Plaintiff's Response

further illustrates the absence of factual support, consisting of only six pages with bullet points and incomplete sentences purporting to show the "facts" that support each claim. For the reasons discussed in detail below, all ten causes of action should be dismissed.

### 1.  Count I – RICO

Plaintiff rests its civil RICO claim on conclusory allegations that Knecht committed wire fraud, mail fraud, financial fraud, and concealment of facts with "his co-conspirators." *See* Complaint at ¶¶ 15–18. Notably absent is any indication of how Knecht allegedly committed each type of fraud, what actions he took, when these actions occurred, or who the co-conspirators even are. Thus, Plaintiff fails to plausibly allege a pattern of racketeering activity, which is a requisite element of a RICO claim. *See Aquino v. Mobis Alabama, LLC*, 739 F. Supp. 3d 1152, 1173 (N.D. Ga. 2024) (citing *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020)). Plaintiff's Response cryptically claims, "Pattern: Multiple acts over several years, across international borders." *See* Response at 4. Yet the alleged acts remain undefined. Because Count I fails to plead necessary elements of a RICO claim and is devoid of supporting fact, Count I should be dismissed.

### 2.  Count II – Fraud

Pursuant to Federal Rule 9(b), claims based in fraud must be pled with particularity.  The Complaint falls well below this heightened pleading standard, claiming that "Knecht made intentional false representations" regarding "Promark's credit terms, ByoPlanet's capacity to pay, the purpose and scope of the [Supply Agreement], and concealment of Promark's imminent sale." *See* Complaint at ¶ 20. The time, manner, and content of these alleged misrepresentations remain a mystery, falling short of the heightened pleading standard. Further, neither the Complaint nor the Response clarifies how Knecht, the alleged CEO of Promark, could make any representation regarding *ByoPlanet*, given that Knecht has no control over ByoPlanet and was never an officer or

director of ByoPlanet. Because the threadbare assertions in the Complaint fail to meet the pleading standards of Rule 8 or 9, Count II should be dismissed.

### 3. Count III – Civil Conspiracy to Commit Fraud

For the same reasons as Count II, Count III must also be dismissed. Because "[t]he gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy," and Plaintiff has failed to sufficiently plead the underlying fraud, the civil conspiracy claim cannot stand alone. Therefore, Count III should be dismissed. *See Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345 (S.D. Fla. 2018).

### 4. Count IV – Tortious Interference with Business Relationships

Count IV fails because the Complaint does not plausibly allege the required elements of a claim for tortious interference with a business relationship. *See Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, No. 17-60974-CIV, 2017 WL 4310754, at *20 (S.D. Fla. Sept. 28, 2017). Plaintiff fails to allege: i) what the alleged business relationships were, including the parties, vendors, employees, and investors with which ByoPlanet had the relationships; ii) how Knecht had knowledge of such relationships as an unrelated third party; and iii) how Knecht, not employed by ByoPlanet, could exercise sufficient control over ByoPlanet to force it into insolvency. Accordingly, Count IV should be dismissed.

### 5. Count V – Unjust Enrichment

Plaintiff's claim of unjust enrichment recites the bare elements without any supporting facts: "Knecht knowingly received funds and financial benefits from Plaintiff through improper means, including manipulation of Promark's receivables and fraudulent invoicing." Complaint at ¶ 30. However, the claim fails to sufficiently plead how Knecht knowingly and voluntarily retained an improper benefit that was inequitable to ByoPlanet. Therefore, Count V should be dismissed.

6. **Count VI – Negligent Misrepresentation**

Florida law requires claims for negligent misrepresentation to be pled with particularity as required by Rule 9(b). *See SIG, Inc. v. AT & T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1996 (S.D. Fla. 2013). The Complaint fails to satisfy this high standard, stating vaguely in two sentences that "Knecht made statements of material fact knowing Plaintiff would rely upon them," and "Plaintiff reasonably relied on Knecht's statement to its detriment." *See* Complaint at ¶¶ 33–34. Because this claim is completely devoid of requisite factual support, Count VI should be dismissed.

7. **Count VII – Breach of Implied Duty of Good Faith and Fair Dealing**

Count VII fails, because a claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract. *See Centurion Air Cargo, Inc. v. United Parcel Serv. Co.,* 420 F.3d 1146, 1152 (11th Cir. 2005). The Complaint does not plead what specific contract terms Knecht allegedly breached or how Knecht breached them. Additionally, the Complaint improperly imposes Promark's alleged contractual obligations onto Knecht. A contract between ByoPlanet and Promark does not give rise to claims against Knecht individually. Accordingly, Count VII should be dismissed.

8. **Count VIII – Aiding and Abetting Breach of Fiduciary Duty**

Count VIII fails because Plaintiff does not sufficiently plead the underlying breach of fiduciary duty required under Florida law. *See In re Bal Harbour Quarzo, LLC*, 623 B.R. 903, 919 (Bankr. S.D. Fla. 2020). Not only does the Complaint fail to allege how officers of ByoPlanet breached their fiduciary duties, the Complaint does not even explain *who* the officers were, much less how Knecht aided and abetted them. Thus, Count VIII should be dismissed.

**9.   Count IX – Deceptive and Unfair Trade Practices (FDUTPA)**

Count IX consists of a barebones assertion that "Knecht's actions constitute deceptive trade practices," and "Plaintiff suffered actual damages as a result." *See* Complaint at ¶¶ 41–42. Because these allegations are simply legal conclusions, devoid of any supporting fact, Count IX should be dismissed. *See Iqbal*, 556 U.S. at 678.

**10. Count X – Declaratory Relief**

Plaintiff's Response does not address Count X or clarify on what grounds it is seeking declaratory relief. To the extent that Count X concerns the enforceability and invalidity of the Supply Agreement, Count X should be dismissed as duplicative of Count II (Fraud). *See McIntosh v. Harbour Club Villas Condominium Ass'n*, 468 So. 2d 1075, 1080–81 (Fla. 3d DCA 1985).

**d.   Plaintiff's Claims are Barred by Res Judicata and Collateral Estoppel**

As explained in the Motion to Dismiss, Plaintiff's Complaint attempts to relitigate the merits of a matter that has already been adjudicated in a foreign court of Canada (the "<u>Foreign Court</u>") to a final non-appealable judgment against ByoPlanet ("the <u>Foreign Litigation</u>"). *See* Motion to Dismiss at 2–4. Despite Plaintiff's attempts to distinguish the Foreign Litigation from the case at hand, the Foreign Litigation concerned the same Supply Agreement and ByoPlanet's piecemeal allegations regarding allegedly defective products distributed thereunder. *See* Motion to Dismiss at Exs. B & D. In fact, the Foreign Court concluded that ByoPlanet's counterclaim based upon this argument was so meritless that it was asserted in "bad faith." *See* Motion to Dismiss at Ex. B, ¶ 154 ("A preponderance of the evidence reveals that not only are Promark's Control Panels not defective, but that the defect issue was raised to avoid paying the amounts clearly owing to Promark. As such, ByoPlanet acted in bad faith.")  The Foreign Court further found that ByoPlanet's counterclaim was "abusive" and "can be viewed as an extension of the

stalling tactics [ByoPlanet] employed when it invoked the defect issue to avoid paying Promark amounts that are clearly owing." *Id.* at Ex. B., ¶¶ 171 & 173 ByoPlanet's current attempt to assert these claims against Knecht individually is yet another "stalling tactic" despite the defective products issue having already been extensively litigated and resolved to a final non-appealable judgment. Therefore, res judicata bars the Complaint.

Plaintiff argues in its Response that res judicata does not apply because Knecht was not a party to the Foreign Litigation and Plaintiff asserts different causes of action. *See* Response at 2–3. Even if the Court finds that res judicata does not apply, collateral estoppel certainly does. *See Provident Life & Accident Ins. Co. v. Genovese*, 138 So. 3d 474, 477 (Fla. 4th DCA 2014) ("The doctrine is intended to prevent repetitious litigation of what is essentially the same dispute."). Throughout the Foreign Litigation, ByoPlanet had ample opportunity to raise the claims now asserted in the Complaint against Promark's alleged CEO. Indeed, like the defective products argument, ByoPlanet attempted to argue that the agreement giving rise to the Foreign Litigation was entered without board approval—just as ByoPlanet asserts in the Complaint here. *See* Complaint at ¶ 11. Once again, the Foreign Court rejected this argument, finding the testimony of ByoPlanet's CEO to be "baffling" and "contradictory." *See* Motion to Dismiss at Ex. B., ¶ 21. Because ByoPlanet had a full and fair opportunity to litigate the issues stemming from the Supply Agreement and *did* litigate these issues in the Foreign Court, ByoPlanet may not attempt to use this Court to relitigate the issues simply because it is unhappy with the result in the Foreign Court. Accordingly, collateral estoppel bars the claims ByoPlanet now asserts against Knecht, and the Complaint should be dismissed with prejudice. *See Kowallek v. Lee Rehm*, 183 So. 3d 1175, 1177 (Fla. 4th DCA 2016) (affirming trial court's dismissal of complaint with prejudice where collateral estoppel barred relitigating the same issues).

**e. Plaintiff's Request for Attorneys' Fees**

Finally, the Court should strike Plaintiff's request for attorneys' fees. In the Complaint, Plaintiff does not cite to any statute or contractual provision that would allow Plaintiff to recover attorneys' fees against Knecht, who is not a party to the Supply Agreement. Plaintiff attempts to explain in its Response that RICO and FDUTPA provide statutory bases for recovering attorneys' fees. However, as discussed above, Plaintiff has not plausibly alleged causes of action for RICO or FDUTPA. Accordingly, this Court should strike Plaintiff's request for attorneys' fees.

## III.   <u>CONCLUSION</u>

Because this Court lacks personal jurisdiction over Knecht, and the Complaint is devoid of supporting facts giving rise to a claim for which relief can be granted, the Complaint should be dismissed for failure to meet the pleading standards, and Plaintiff's request for attorneys' fees should be stricken. Even if, however, Plaintiff could adequately plead the claims asserted in the Complaint, they are still barred by the doctrines of res judicata and collateral estoppel.

WHEREFORE, Defendant Knecht respectfully requests that the Court dismiss the Complaint against Knecht in its entirety with prejudice, strike Plaintiff's request for attorneys' fees, and grant such other and further relief as the Court may deem appropriate.

Dated: May 22, 2025                        Respectfully submitted,

BAST AMRON LLP
*Counsel for Jarred Knecht*
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Email: jbast@bastamron.com
Email: twright@bastamron.com


By: */s/ Jeffrey P. Bast*
    Jeffrey P. Bast, Esq. (FBN 996343)
    Tanisha M. Wright, Esq. (FBN 1049157)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF, which will automatically serve all parties who receive notice on May 22, 2025.

By: <u>*/s/ Jeffrey P. Bast*</u>

Jeffrey P. Bast, Esq. (FBN 996343)

4923-7895-5333, v. 4