UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60646-LEIBOWITZ

BYOPLANET INTERNATIONAL, LLC,

    *Plaintiff,*

v.

JARED KNECHT,

    *Defendant.*
_____/

## ORDER

Defendant filed a Motion to Dismiss [ECF No. 9] on May 14, 2025, and Plaintiff filed a response [ECF No. 10] on May 15, 2025. In reply, Defendant alerted this Court to possible misrepresentations of Plaintiff in his response, including providing the Court with false quotes to cases, and citing cases which do not exist. [ECF No. 12]. Upon this Court's review of Plaintiff's response, many quotes from cited cases are fabricated entirely, and at least one case which Plaintiff cites does not exist. [*See, e.g.,* ECF No. 10 at 3 (citing *Gracia v. Palm Beach Cnty.*, 112 So. 3d 771, 774 (Fla. 4th DCA 2013), which does not exist]. Indeed, it appears that Plaintiff's attorney, James Martin Paul, has been accused of similar behavior in at least one other case. [*See Byoplanet International, LLC et al. v. Charles Gilstrap*, Case No. 0:25-cv-60647, ECF No. 14 (motion to dismiss which highlights numerous possible misrepresentations in Plaintiff's complaint)].

Where a court finds an attorney acts in bad faith, the court can impose sanctions on that attorney. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument[.]" *Id.*; *see Ass'n for Disabled Americans, Inc. v. Pebb Enters. Shops of Delray Ltd.*, 555 F. App'x 876, 878 (11th Cir. 2014) ("Although we generally afford parties significant latitude in crafting appellate briefs, we cannot countenance such

intentional, misleading statements. Accordingly, Pebb's motion for sanctions . . .is GRANTED."). Further, under the professionalism standards set in Florida for attorneys, a "lawyer must not knowingly misstate, misrepresent, or distort any fact or legal authority to the court or to opposing counsel and must not mislead by inaction or silence." *In Re Neusom*, No. 223CV00503JLBNPM, 2024 WL 982508, at *4 (M.D. Fla. Jan. 11, 2024), *report and recommendation adopted sub nom.* In re Neusom, No. 2:24-MC-2-JES, 2024 WL 1013974 (M.D. Fla. Mar. 8, 2024), *reconsideration denied*, No. 2:24-MC-2-JES, 2024 WL 2288969 (M.D. Fla. May 21, 2024) (citing R. Regulating Fla. Bar 4-3.3 and 4-8.4).

"When a district court finds that attorneys have acted in bad faith, it may impose a variety of possible sanctions, including an assessment of attorneys' fees and costs, disqualification of counsel, and monetary penalties payable to the clerk of court, as well as everything from a simple reprimand to an order dismissing the action with or without prejudice." *Boe v. Marshall*, No. 2:22-CV-184-LCB, 2025 WL 602564, at *56 (M.D. Ala. Feb. 25, 2025) (cleaned up) (citing Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985) and *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)).

Accordingly, it is **ORDERED AND ADJUDGED** that attorney James Martin Paul shall show cause in writing whether he intentionally made misrepresentations to the Court **no later than June 2, 2025**. It is **FURTHER ORDERED** that a hearing on this matter shall take place on June 11, 2025, at 2:00 P.M. For each party, at least one counsel of record must attend the conference <u>in person at the United States Courthouse, 299 E. Broward Boulevard, Courtroom 202A, Fort Lauderdale, Florida 33301</u>.

**DONE AND ORDERED** in the Southern District of Florida on May 28, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record