UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60646-LEIBOWITZ
CASE NO. 0:25-cv-60712-LEIBOWITZ

**BYOPLANET INTERNATIONAL, LLC**,

    *Plaintiff,*

v.

**JARRED KNECHT,**

    *Defendant.*
_____/

**RICHARD PATRICK MICHAEL O'SHEA**,

    *Plaintiff,*

v.

**JASON NOVAK,**

    *Defendant.*
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Joint Motion to Compel Compliance with Order Regarding Payment of Attorneys' Fees by James Martin Paul ("the Motion") [ECF No. 27], filed on November 6, 2025.

On July 15, 2025, the Court entered an order ("the Sanctions Order") imposing sanctions on James Martin Paul ("Paul"), counsel for Plaintiffs ByoPlanet International, LLC, and Richard Patrick Michael O'Shea in the above-captioned matters. [ECF No. 22].[1] The Court dismissed these cases without prejudice and ordered Paul to pay the attorneys' fees of Defendants' counsel for time spent

---

[1] Docket numbers throughout this Order refer to Case No. 0:25-cv-60646 unless otherwise stated.

responding to filings in which generative artificial intelligence ("AI") was used to develop hallucinated cases and fabricated quotations. [*Id.* at 20]. The Court further ordered the parties to confer and attempt in good faith to reach agreement on the amount of attorneys' fees to be paid by Paul. [*Id.*]. If the parties were unable to reach agreement, the Court noted that it would "promptly determine the amount of the attorney's fees and costs to be paid to Defendants by Attorney James Martin Paul and issue any appropriate further orders." [*Id.* at 21].

The parties subsequently notified the Court that they had been unable to agree to an award of attorneys' fees. [Case No. 0:25-cv-60646, ECF No. 25; Case 0:25-cv-60712, ECF No. 22]. On July 31, 2025, the Court entered an order ("the Fee Order") awarding Defendants Knecht and Novak attorneys' fees in an amount of $36,663.00, representing a substantial reduction in the total amounts claimed by counsel for those Defendants. [ECF No. 26]. That amount was to be paid within 90 days of entry of the Fee Order. [*Id.* at 10]. Failing that, the parties were directed to confer in good faith to agree to a payment plan. [*Id.*]. On November 6, 2025, roughly a week after the expiration of the 90-day payment window, Defendants submitted the instant Motion seeking to compel payment of the fees designated in the Fee Order. [ECF No. 27]. In his response, Paul contends that he complied with the Court's good-faith conferral requirement and insists that he intends to make Defendants' counsel whole. [ECF No. 27 at 2–3]. He asks this Court for 20 days to confer once more with Defendants' counsel and to propose a payment plan. [*Id.* at 3].

Being fully advised, it is hereby **ORDERED AND ADJUDGED** that the parties shall, no later than December 22, 2025, confer in a good faith attempt to reach agreement on a reasonable payment plan and submit the same to the Court for review. In the event that the conferral is unsuccessful, the parties shall separately submit proposed payment plans by that date. No extensions shall be granted. The Court **RESERVES JUDGMENT** on Defendants' Motion.

**DONE AND ORDERED** in the Southern District of Florida on December 2, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record