UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60646-LEIBOWITZ
CASE NO. 0:25-cv-60712-LEIBOWITZ

**BYOPLANET INTERNATIONAL, LLC**,

    *Plaintiff,*

v.

**JARRED KNECHT,**

    *Defendant.*
_____/

**RICHARD PATRICK MICHAEL O'SHEA**,

    *Plaintiff,*

v.

**JASON NOVAK,**

    *Defendant.*
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Joint Motion for Entry of Final Money Judgment Pursuant to Order Granting Payment of Attorneys' Fees by James Martin Paul ("the Motion") [Case No. 0:25-cv-60646, ECF No. 34; Case No. 0:25-cv-60712, ECF No. 31], filed on March 2, 2026.

On July 15, 2025, the Court entered an order ("the Sanctions Order") imposing sanctions on James Martin Paul ("Paul"), counsel for Plaintiffs ByoPlanet International, LLC, and Richard Patrick Michael O'Shea in the above-captioned matters. [ECF No. 22].[1]  The Court dismissed these cases

---

[1]     Docket numbers throughout this Order refer to Case No. 0:25-cv-60646 unless otherwise stated.

without prejudice and ordered Paul to pay the attorneys' fees of Defendants' counsel for time spent responding to filings in which generative artificial intelligence ("AI") was used to develop hallucinated cases and fabricated quotations.  [*Id.* at 20].  The Court further ordered the parties to confer and attempt in good faith to reach agreement on the amount of attorneys' fees to be paid by Paul.  [*Id.*].  If the parties were unable to reach agreement, the Court noted that it would "promptly determine the amount of the attorney's fees and costs to be paid to Defendants by Attorney James Martin Paul and issue any appropriate further orders."  [*Id.* at 21].

The parties subsequently notified the Court that they had been unable to agree to an award of attorneys' fees.  [Case No. 0:25-cv-60646, ECF No. 25; Case No. 0:25-cv-60712, ECF No. 22].  On July 31, 2025, the Court entered an order ("the Fee Order") awarding Defendants Knecht and Novak attorneys' fees in an amount of $36,663.00 ("the Sanctions Amount"), representing a substantial reduction in the total amounts claimed by counsel for those Defendants.  [ECF No. 26].  That amount was to be paid within 90 days of entry of the Fee Order.  [*Id.* at 10].  Failing that, the parties were directed to confer in good faith to agree to a payment plan.  [*Id.*].

On November 6, 2025, roughly a week after the expiration of the 90-day payment window, Defendants moved to compel payment of the fees designated in the Fee Order.  [ECF No. 27].  In his response, Paul contended that he complied with the Court's good-faith conferral requirement and insisted that he intended to make Defendants' counsel whole.  [ECF No. 27 at 2–3].  He asked this Court for 20 days to confer once more with Defendants' counsel and to propose a payment plan.  [*Id.* at 3].  On December 2, 2025, the Court ordered the parties to conduct a final good faith conferral and, absent agreement, to submit proposed payment plans.  The parties failed to reach agreement and submitted competing plans on December 22, 2025.  Defendants proposed that Plaintiff make six monthly payments of $6,100.50.  Paul proposed that he make 73 monthly payments of $500.

On January 6, 2026, the Court entered the Payment Order, directing Paul to pay the Sanctions Amount in six monthly payments of $6,100.25 each, with the first monthly payment due to the Defendants on February 15, 2026, and each subsequent installment due on the 15th of each month thereafter. [ECF No. 33 at 3]. The Payment Order also provided that "[i]n the event of non-payment in any given month in which payment is required . . . , Defendants may move for the entry of a final money judgment against Paul in an amount equal to the unpaid balance of the total Sanctions Amount." [*Id.*].

In the instant Motion, Defendants advise the Court that Paul failed to make payment as required under the Payment Order in the month of February. [ECF No. 34 ¶ 14; *see also* ECF No. 34-1]. Defendants also advise the Court that they have executed an assignment of their interest in the Sanctions Amount to Promark Electrical Components Inc. [ECF No. 34 ¶ 15].

Being fully advised, it is hereby **ORDERED AND ADJUDGED** that the Motions **[Case No. 0:25-cv-60646, ECF No. 34; Case No. 0:25-cv-60712, ECF No. 31]** are **GRANTED**. Final judgment shall be entered in a separate order.

**DONE AND ORDERED** in the Southern District of Florida on March 4, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record